IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> LORI ANN BELL, ARCHIE E. BELL, ) <br> and LAURIE MAE BELL, ) <br> ) <br> Defendants. ) | CASE NO. 3:06-0126 <br> JUDGE ECHOLS/KNOWLES |

## REPORT AND RECOMMENDATION

This matter is before the Court upon several Motions. Plaintiff, Aetna Life Insurance Company ("Aetna") has filed a "Motion for Interpleader." Docket No. 10. Defendants Archie R. Bell and wife, Laurie Mae Bell (the "Bells"), have filed a Response in opposition to part of that Motion. Docket No. 15. Aetna has filed a "Motion to Strike" that Response on grounds that the Response is untimely. Docket No. 16. The Bells oppose that Motion. Docket No. 20. Aetna has also filed a related "Motion to Dismiss Counter-Claim." Docket No. 17. The Bells have filed a Response in Opposition to that Motion. Docket No. 19. This series of Motions can be simply explained as follows.

Aetna began this action by filing a "Complaint for Interpleader" (Docket No. 1), which essentially stated that it was holding $50,000.00, representing a death benefit of one of its life insurance policies, that was claimed by two persons or groups: (1) The Bells, who are the parents of decedent and the designated beneficiaries of the policy, and (2) Lori Ann Bell, the former wife of decedent. The Complaint stated that, while the Bells were the designated primary and

secondary beneficiaries under the policy, Lori Ann Bell had made a claim to the proceeds of the policy on behalf herself and her two minor children. In fact, the Complaint averred that Lori Ann Bell had previously filed suit against Aetna in the Chancery Court for Davidson County, Tennessee, against Aetna and the Bells. In that lawsuit, Lori Ann Bell averred in part that, as part of the final divorce decree, decedent had agreed "to make the minor children beneficiaries on his insurance policy."

It has been the experience of the undersigned that, in most interpleader actions, the parties will simply agree to allow the stakeholder to deposit the money (and appropriate interest) with the Clerk of the Court and will agree to allow the stakeholder to be dismissed from the action. At the Initial Case Management Conference, held April 10, 2006, however, the Bells stated that they would oppose the dismissal of Aetna from this case.[1] The Bells' theory is that Aetna is liable to them for their attorneys' fees and expenses incurred in the instant action, because Aetna should have realized that Laurie Mae Bell's claim to the proceeds at issue is completely without merit. The Bells argument is based upon the proposition that decedent did not obtain the insurance policy at issue until approximately seven years after the divorce, and, therefore, Lori Ann Bell could not possibly have a "legitimate" claim to any of those proceeds.

The Bells asserted this theory in a "Counter-Complaint" filed as part of their Answer, on May 8, 2006. (Because Fed. R. Civ. P. 13 refers to such a claim as "counterclaim," the Court will generally use that term herein, except in quotations.) In their counterclaim, the Bells seek a judgment against Aetna in the amount of $50,000.00, plus prejudgment interest and a judgment

---

[1] The Bells have not opposed allowing Aetna to deposit the policy proceeds, plus interest, with the Clerk of this Court, and the undersigned has entered an appropriate Order granting that aspect of the "Motion for Interpleader." Docket No. 21.

2

against Aetna "in an amount equal to all of their costs, expenses, and attorneys' fees incurred in conjunction with the defense and/or prosecution of this cause of action."[2] Docket No. 13, p. 6-7

Thus, when Aetna filed its "Motion for Interpleader," the Bells filed a Response objecting to the dismissal of Aetna from this action. Docket No. 25. The Bells also pointed out that the Court could not dismiss Aetna without also dismissing their counterclaim against Aetna. *Id.*

Shortly after the Bells filed their Response to the "Motion for Interpleader," Aetna filed a "Motion to Strike" that Response on grounds that it was not timely filed. Docket No. 16. The Court will address that Motion to Strike in a separate Order.

Additionally, apparently realizing that the Bells had a point regarding the pending counterclaim, Aetna filed a "Motion to Dismiss Counter-Claim" and a supporting Memorandum of Law. Docket Nos. 17, 18. Notably, in that Motion, Aetna does not specify the grounds upon which it argues that the counterclaim should be dismissed. Instead, Aetna essentially argues that this is a "classic case for interpleader," that it acted properly in seeking to interplead the funds, and that, "there can be no valid purpose in allowing the Bells to maintain a counter-claim against [Aetna] rather than simply allowing it to interplead the funds and be dismissed from the case."

The Bells have filed a Response in Opposition to the "Motion to Dismiss Counter-Claim," which essentially argues that Aetna has not shown any grounds for the dismissal of the counterclaim, that Aetna could not show that the counterclaim fails to state a claim upon which relief can be granted even if it tried, and that Aetna should not be dismissed from this action

---

[2] In addition to their counterclaim against Aetna, the Bells also filed a "Cross-Complaint" against Defendant Lori Ann Bell, seeking their costs, expenses, and attorneys' fees from her as well. Docket No. 13.

3

prior to a determination of the merits of their counterclaim. As the Bells state:

> It is these Defendants' contention that the "competing claim" of Lori Ann Bell is so totally without merit that the interpleader should not be sustained, and that [Aetna] should be liable for the costs, expenses and attorneys' fees that [its] failure to pay the benefits as required and will require them to incur in their efforts to recover the benefits which are lawfully theirs.

Docket No. 19, p. 3.

Aetna has cited no controlling authority for the proposition that it is entitled to be dismissed without prejudice from this action. There is nothing in the interpleader statute that requires such a dismissal. Moreover, the dismissal would be particularly inappropriate in view of the pending counterclaim by the Bells against Aetna. As the Bells argue, Aetna has shown no grounds for the dismissal of that counterclaim.

For the foregoing reasons, Aetna's "Motion for Interpleader" (Docket No. 10), should be DENIED IN PART, to the extent that it seeks to have Aetna dismissed from this action with prejudice. Additionally, Aetna's "Motion to Dismiss Counter-Claim" (Docket No. 17) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

4

_____
E. Clifton Knowles
United States Magistrate Judge

5