UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **AETNA LIFE INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:06-0126 |
| ) | JUDGE ECHOLS |
| **LORI ANN BELL, ARCHIE E. BELL,** ) | |
| **and LAURIE MAE BELL,** ) | |
| ) | |
| Defendants. ) | |

ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Docket Entry No. 22) recommending that this Court deny in part Plaintiff's Motion for Interpleader (Docket Entry No. 10) to the extent that it seeks the dismissal with prejudice of Aetna Life Insurance Company from this action,[1] and that this Court deny Aetna's Motion to Dismiss Counter-Claim (Docket Entry No. 17). Plaintiff Aetna did not file any objections to the R&R.

When no objections to an R&R are made, the Court may accept, reject, or modify the recommended decision in whole or in part, receive further evidence, or recommit the matter to the Magistrate Judge with instructions. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1).

---

[1] The Magistrate Judge previously granted the motion in part to permit Aetna to pay the insurance proceeds, with interest, to the Court for deposit in an interest-bearing account pending resolution of this case. (Docket Entry No. 21.)

1

Having reviewed the record, the Court finds that the recommendation is appropriate. Defendants Archie E. Bell and Laura Mae Bell[2] filed a counterclaim against Aetna seeking their costs and attorney's fees in defending this action, claiming that Lori Bell does not have a "legitimate" claim to the insurance proceeds and that Aetna has not abided by its contractual and legal obligation to pay the insurance proceeds to Archie Bell as primary beneficiary, and Laura Mae Bell as secondary beneficiary, as designated by the decedent.

Assuming that Aetna's motion to dismiss is one for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of the Bells' allegations and resolve all doubts in their favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). Where an impleaded defendant pursues an independent claim of liability against the insurance carrier, the Court must address the claim before determining whether the insurer is entitled to a discharge of liability after tendering the insurance proceeds into the registry of the Court. See New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 96 (2nd Cir. 1983); Sun Life Assurance Co. v. Thomas, 735 F.Supp. 730, 733 (W.D. Mich. 1990). At this early stage of the litigation, neither the parties nor the Court have had the opportunity to

---

[2]Defendant states she is improperly named in the Complaint as "Laurie Mae Bell."

2

address the merits of the counterclaim brought against Aetna. While the counterclaim ultimately may not withstand scrutiny, the Court may not dismiss the claim under Rule 12(b)(6) unless it appears beyond doubt that the Counter-Plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. See Morgan, 829 F.2d at 12. Taking their allegations as true, the Court cannot say at this juncture that there is not any set of facts that may be proved in support of the counterclaim against Aetna.

Accordingly, the Court rules as follows:

(1) The R&R is hereby ACCEPTED, with the minor modifications that page 2, line 13 of the R&R should refer to Lori Bell and not "Laurie Mae Bell" and page 4, line 10 should read "dismissed with prejudice" instead of "dismissed without prejudice." (Docket Entry No. 22.)

(2) Plaintiff's Motion for Interpleader (Docket Entry No. 10) is hereby DENIED IN PART to the extent that it seeks to have Aetna Life Insurance Company dismissed from this action with prejudice. The remainder of the Motion was previously GRANTED IN PART. (Docket Entry No. 21.)

(3) Plaintiff's Motion to Dismiss Counter-claim (Docket Entry No. 17) is hereby DENIED.

3

(4) This case is returned to the Magistrate Judge for further case management proceedings pursuant to Local Rule 16.01.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4