UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06-0126 |
| ) | Judge Echols |
| LORI ANN BELL, and ARCHIE E. ) | |
| BELL and LAURIE MAE BELL, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM

This is a dispute over entitlement to the proceeds of a group life insurance policy underwritten by Plaintiff Aetna Life Insurance ("Aetna"). Pending before the Court is the Motion for Summary Judgment filed by Defendant Lori Bell[1] (Docket Entry No. 33), to which Defendants Archie E. Bell and Laura Mae Bell[2] have responded in opposition and Defendant Lori Bell has replied.

### I. FACTS

The facts are virtually undisputed and are as follows. David Owen Bell ("David"), the insured, was married to Defendant Lori Ann Bell ("Lori"). Together, they had two children, Erin Elizabeth

---

[1]The Motion for Summary Judgment was purportedly filed on behalf of Lori Ann Bell and her children, Elizabeth Erin Bell, and EJB, a minor. However neither Elizabeth Erin Bell nor EJB are parties to this action.

[2]Defendant Laura Mae Bell is incorrectly designated in the caption as Laurie Mae Bell.

1

Bell ("Erin") and EJB, who is presently a minor. The couple was divorced on June 17, 1994. The dissolution of marriage was evidenced by a Marital Dissolution Agreement incorporated into a Final Decree which, among other things, provided that "[t]he father shall make the minor children beneficiaries on his insurance policy." (Final Decree ¶ 14). At the time of the divorce, David worked for Whirlpool.

In 2001, David became employed with the Board of Education for the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government"). Aetna issued a Group Life Insurance Policy ("the Policy") to Metropolitan Government.

On June 6, 2001, David completed a New Hire Enrollment Form for coverage under the Policy in which he designated his father, Defendant Archie E. Bell ("Archie"), as the Primary Beneficiary of the Policy and his mother, Laura M. Bell ("Laura Mae"), as the Secondary Beneficiary of the Policy. Lori claims that she was unaware of this designation.

On November 12, 2005, David died. At the time of his death, David's benefit under the Policy issued by Aetna was $50,000.

After David's death, his ex-wife Lori filed a Complaint in the Chancery Court for Davidson County against Aetna and her former in-laws, Archie and Laura Mae, claiming entitlement to the proceeds of

the Policy.  Lori voluntarily dismissed that action in favor of Aetna filing a Complaint for Interpleader in this Court.

At the time this suit was filed, the children of David and Lori were minors.  Since the filing of this suit, Elizabeth has attained the age of majority.

## II. <u>STANDARDS GOVERNING SUMMARY JUDGMENT</u>

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(c); <u>Covington v. Knox County School Sys.</u>, 205 F.3d 912, 914 (6th Cir. 2000).  The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met.  <u>See</u> <u>Martin v. Kelley</u>, 803 F.2d 236, 239 n.4 (6th Cir. 1986).  The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. <u>See</u> <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986); <u>Covington</u>, 205 F.3d at 914 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986)).  If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial.  If the party does not so respond, summary judgment will be entered if appropriate.  Fed. R. Civ. P. 56(e).  The nonmoving party's burden

3

Case 3:06-cv-00126   Document 42   Filed 02/07/07   Page 3 of 8 PageID #: 264

of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. APPLICATION OF LAW

Lori (and ostensibly her non-Defendant children Elizabeth and EJB) move for summary judgment claiming that in light of the provision in the Final Decree relating to insurance, they are entitled to the Aetna policy proceeds as a matter of law. In support of this position, they rely principally on Holt v. Holt, 995 S.W.2d 68 (Tenn. 1999). However, Holt is distinguishable and not dispositive given the facts of this case.

In Holt, the Tennessee Supreme Court was presented with a situation in which a divorce decree required the decedent to obtain a $100,000 life insurance policy naming his child as beneficiary and his former wife as trustee. When the decedent died, he owned a $40,000 insurance policy naming his child as beneficiary, and a

4

$50,000 policy naming his mother as beneficiary. Based on these facts, the issue presented to the Tennessee Supreme Court was whether the proceeds of the $50,000 policy should be paid to the former wife as trustee for the benefit of the child.

After surveying cases from other jurisdictions, the Tennessee Supreme Court held that a constructive trust in favor of the former wife was appropriate in light of the fact that it was "undisputed that the Decedent breached his obligation under the final divorce decree to maintain a $100,000 life insurance policy listing [his former wife] as trustee and [his child] as the beneficiary." Id. at 71. "After carefully considering principles of law as well as principles of equity," the Tennessee Supreme Court "conclude[d] that no significant difference exists between circumstances in which an identifiable life insurance policy existed at the time of the divorce" and a situation where the language of the divorce decree required that a certain individual be named "the sole and irrevocable beneficiary" and where "the clear language of the divorce decree contemplate[d] a continuous obligation in which [the child] should be provided for in the event of the Decedent's death." Id. at 77.

The facts in this case are markedly different from those presented in Holt. In this case, the Final Decree merely provided that "the father shall make the minor children beneficiaries on his

5

insurance policy." The designation is for the children to be named beneficiaries, and, unlike Holt, does not indicate the former wife should be designated the trustee. Moreover, the language of the Final Decree in relation to insurance is very vague; it does not identify a policy, the type of insurance, or the amount of the insurance. In fact, fairly read, the Final Decree suggests that there was already some policy in existence at the time of the divorce since it refers to "his insurance policy."

Moreover, Holt required that the decedent maintain insurance.[3] In this case the Final Decree reflects that the decedent was to name his children as beneficiaries on an existing policy. For all the Court knows, David may have done so and Lori and her children may have already received, or be entitled to receive, proceeds from such a policy.

---

[3] Herrington v. Boatright, 633 S.W.2d 781, 783 (Tenn. App. 1982) relied upon by Lori Bell in her reply brief does not counsel a different result. That case merely stands for the proposition that "shall keep his life insurance in effect" language in a divorce decree is not vague and where such language exists the husband does not have a right to change beneficiaries since the former wife has a vested interest in the policy."
    Hull v. Hull, 2001 WL 483422 at *3 (Tenn. Ct. App. 2001) is also distinguishable in that there, unlike here, the husband was required under the divorce decree to provide his wife with a statement showing that he had procured life insurance for his children in order for the wife to be obligated to acquire a like amount of insurance. This requirement provided at least some benchmark for determining the parties' intention in regard to life insurance.

Taken to its logical extreme, Lori's argument suggests that a constructive trust would be required on every life insurance policy purchased by David after his divorce while his children were still minors. However, the Final Decree imposes no such requirement. Unlike the situation in Holt, there is no indication as to the amount of a policy, let alone that a certain amount of insurance benefits had to be maintained. There certainly is no evidence that the Final Decree required David to name his children as beneficiaries to a $50,000 policy.

In sum, the evidentiary record is scant, making it impossible to determine, as a matter of law, that Lori Bell and her children are entitled to the proceeds of the Aetna Policy, or even a portion of that Policy. While the Final Decree appears to have referenced an existing policy, the Court has no way of knowing who issued the policy, or the amount of any such policy. It could be that David was insured while at Whirlpool and that the Divorce Decree meant to reference that policy. If so, the Court has no information as to the terms of the policy or even whether the policy remained in existence at David's death or had lapsed. Ultimately, these questions, and perhaps others, will have to be addressed at a trial on the merits.

7

## III. CONCLUSION

Given the foregoing, Lori and her children have failed to show that they are entitled to judgment as a matter of law. Accordingly, their Motion for Summary Judgment (Docket Entry No. 33) will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE